# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

|  |  |
|---|---|
| In Re: | **Bankruptcy Case** |
| **MICHAEL S. GUTKE and LAURA L. GUTKE,** | **No. 14-40963-JDP** |
| **Debtors.** | |

_____

### MEMORANDUM OF DECISION

_____

**Appearances:**

Jay A. Kohler, Idaho Falls, ID, Attorney for Debtors.

R. Sam Hopkins, pro se, Pocatello, ID, Chapter 7 Trustee.

### *Introduction*

Chapter 7[1] trustee R. Sam Hopkins' ("Trustee") objected to an

exemption claimed by Debtors Michael and Laura Gutke in certain life

insurance proceeds.  Dkt. No. 18.  Debtors opposed the objection.  Dkt. No.

---

[1]  Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

19.  The parties stipulated to the relevant facts.  Dkt. Nos. 23; 26.  After a

hearing, the Court took the issues under advisement.  This Memorandum

disposes of the objection.  Fed. R. Bankr. P. 7052; 9014.

### *Facts*[2]

On August 20, 2014, Debtors filed a chapter 7 bankruptcy petition.

On September 15, 2014, Michael's[3] mother passed away.  Exh. 100.

Debtors learned on October 16, 2014, that Michael was the beneficiary

under a life insurance policy on his mother's life with a benefit in the

amount of $4,250.  Exh. 101.  Debtors dutifully informed their bankruptcy

counsel about Michael's entitlement to the insurance proceeds,[4] who in

turn notified Trustee.  Exh. 102.

On October 22, 2014, Debtors filed an amended schedule B to

---

[2]  The facts are taken from the Stipulation of Facts filed in the case, Dkt.
No. 23, the Supplement to the Stipulation of Facts, Dkt. No. 26, and from selected
entries, as indicated, in the Court's docket.

[3]  The Court refers to Debtor by first name for clarity; no disrespect is
intended.

[4]  The proceeds were directly deposited into Debtors' checking account on
October 28, 2014.

MEMORANDUM OF DECISION – 2

include the life insurance proceeds, and also amended schedule C to claim

the full amount of the insurance proceeds exempt pursuant to Idaho Code

§ 41-1833(1).  Dkt. No. 16.  On November 12, 2014, Trustee objected to

Debtors' amended exemption claim in the life insurance proceeds because,

he argued, Idaho Code § 41-1833(1) only exempts the proceeds from the

claims of creditors of the purchaser.  Dkt. No. 18.  On November 19, 2014,

Debtors responded to the objection defending their exemption claim.  Dkt.

No. 19.

### *Analysis and Disposition*

When a bankruptcy case is commenced, all property in which the

debtor has a legal or equitable interest becomes property of the bankruptcy

estate, available for liquidation and distribution to creditors.  § 541(a)(1).

However, in addition to the property interests existing on the petition date,

a debtor's bankruptcy estate will also include certain property to which the

debtor later become entitled.  In particular, as relevant here, the

bankruptcy estate also includes a debtor's right to any proceeds which the

debtor becomes entitled to receive as a beneficiary under a life insurance

MEMORANDUM OF DECISION – 3

policy that arises within 180 days after the filing of the bankruptcy petition.

§ 541(a)(5)(c); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d

610, 617-18 (9th Cir. 1988); *In re Brown*, 88 IBCR 75, 75-76 (Bankr. D. Idaho

1988).  Here, Debtors do not dispute that the life insurance proceeds

Michael received from his mother's life insurance policy were property of

the bankruptcy estate.  Debtors timely supplemented their schedules to

disclose Michael's interest in the insurance proceeds, and to claim them as

exempt.[5]

While the scope of the bankruptcy estate is broad, under § 522(b)(1),

individual debtors may exempt certain property from the estate, and

thereby shield it from administration by a chapter 7 trustee.  Because Idaho

has "opted out" of the Code's exemption scheme, with limited exceptions,

debtors in this State may claim only those exemptions allowed under Idaho

law.  § 522(b)(3);  Idaho Code § 11-609.

---

[5]  *See* Rule 1007(h) (providing that, if a debtor acquires, or becomes
entitled to acquire any postpetition property, the debtor must supplement the
schedules and claim the property exempt within fourteen days "after the
information comes to the debtor's knowledge . . . .").

MEMORANDUM OF DECISION – 4

Consistent with their purpose, Idaho exemption statutes are liberally construed in favor of the debtor. *In re Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)). And as the objecting party, Trustee bears the burden of proving Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999); *In re Katseanes*, 07.4 IBCR 79, 79 (Bankr. D. Idaho 2007).

In this case, Debtors claim the insurance proceeds are exempt based upon Idaho Code § 41-1833(1), which provides:

> If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life, or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance or executors or administrators of such insured or the person so effecting such insurance, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose

MEMORANDUM OF DECISION – 5

life is insured if the beneficiary or assignee shall predecease
such person, and such proceeds and avails shall be exempt
from all liability for any debt of the beneficiary existing at the
time the policy is made available for his use: provided, that
subject to the statute of limitations, the amount of any
premiums for such insurance paid with intent to defraud
creditors, with interest thereon, shall inure to their benefit
from the proceeds of the policy; but the insurer issuing the
policy shall be discharged of all liability thereon by payment
of its proceeds in accordance with its terms, unless, before
such payment, the insurer shall have received written notice at
its home office, by or in behalf of a creditor, of a claim to
recover for transfer made or premiums paid with intent to
defraud creditors, with specification of the amount claimed.

It is fair to observe that this statute, originally enacted in 1961, and

amended only once since, is not a model of clarity.  Indeed, this provision

seemingly attempts to make up through confusion for what it lacks in

punctuation.  Moreover, its legislative history provides no insight as to its

proper interpretation, and the Court and parties have been unable to

uncover any reported decisions construing this statute rendered during the

fifty-four years since its enactment.  Acknowledging their frustration,

when Trustee and Debtors' counsel appeared before the Court, they both

candidly admitted that they could not fully understand this statute.  It is

MEMORANDUM OF DECISION – 6

against this backdrop that the Court must attempt to parse the statutory
language and to decide whether the insurance proceeds paid to Michael
are exempt.

The chore of understanding the statute is exacerbated by the morass
of explanatory and excepting clauses found in its single sentence. This
predicament led to the different interpretations advanced by Trustee and
Debtors in this case. While Debtors contend the statute exempts the
proceeds of a life insurance policy from the beneficiary's creditors, Trustee
argues that is only correct if the preceding clause, and its corresponding
limitation, comes into play.

The statute provides that the beneficiary of a life insurance policy,

> shall be entitled to its proceeds and avails against the creditors
> and representatives of the insured and of the person effecting
> the same, *whether or not* the right to change the beneficiary is
> reserved or permitted, *and whether or not* the policy is made
> payable to the person whose life is insured *if* the beneficiary or
> assignee shall predecease such person, *and* such proceeds and
> avails shall be exempt from all liability for any debt of the
> beneficiary existing at the time the policy is made available for
> his use[.]

Idaho Code § 41-1833(1) (emphasis added). As can be seen, both "whether

MEMORANDUM OF DECISION – 7

or not" clauses in this portion of the statute explain that a beneficiary is

entitled to the proceeds, *as against the insured's creditors*, regardless of

whether the purchaser had the right to change the beneficiary, and

regardless of whether the beneficiary predeceases the person whose life is

insured under the policy.  After a comma, another new clause provides

"*and* such proceeds and avails shall be exempt from all liability for any

debt of the beneficiary existing at the time the policy is made available for

his use[.]"  It is incongruous to read this clause as modifying or limiting the

prior clauses, as they dealt with the relative rights to the proceeds as

between the insured and the insured's creditors, while the last clause limits

the rights of the creditors of the beneficiary.  Thus, the Court respectfully

disagrees with the Trustee's reading of the statute.

Bearing that in mind, when those clauses that are inapplicable to the

facts in this case are ignored, the statute can be simply paraphrased as

follows:

> If an insurance policy is purchased by any person on his own
> life, or on another's life, in favor of a person other than the
> purchaser, the beneficiary of the policy is entitled to its

MEMORANDUM OF DECISION – 8

proceeds as against any of the creditors and representatives of
the insured and of the purchaser, and the proceeds are exempt
from all liability for any debt of the beneficiary existing at the
time the policy is made available for the beneficiary's use.

Compressing its language even more, the statute instructs that the

proceeds of a life insurance policy are exempt from the claims of the

beneficiary's creditors existing at the time they are made available for the

beneficiary's use.

A secondary authority reaches the same conclusion:

Under Idaho law, the proceeds and avails of a life insurance
policy on any person's life are protected against the creditors
and representatives of the insured and the person effecting the
policy so long as the policy is in favor of an individual other
than the insured, the person effecting the policy, or the
executor or administrator of the estate of the insured or the
person effecting the policy.  This exemption applies whether
or not a right to change the beneficiary is reserved or
permitted, and whether or not the insured is a contingent
beneficiary of the policy.  *The proceeds and avails of such a policy
are also exempt from all liability for any debt of the beneficiary
existing at the time the policy is made available for his or her use.*
However, any premiums paid with the intent to defraud
creditors inure to the benefit of such creditors from the
proceeds of the policy, with interest.

Duncan E. Osborne & Elizabeth L. Morgan, ASSET PROTECTION: DOM. &

MEMORANDUM OF DECISION – 9

INT'L L. & TACTICS, § 8:14 (Thompson/West 1997), *available at* Westlaw

ASSETP § 8:14 (emphasis added)**;** *see also* Myron Kove & George Gleason

Bogert, THE LAW OF TRUSTS AND TRUSTEES § 244, p. 123 (3d ed. 2012) (citing,

among other statutes, Idaho Code § 41-1833(1), and explaining that "[t]he

insurance codes in many states make the interest of the beneficiary of life

insurance, whether the policy is payable to him or her directly or through a

trust, exempt from the claims of his or her own creditors, in some cases

without regard to the amount of the policy or the relationship of the

beneficiary to the insured.")

Delaware, Kentucky, and Vermont have statutes which are nearly

identical to Idaho Code § 41-1833(1).  *See*, 18 Del.C. § 2725; K.R.S. § 304.14-

300; and 8 V.S.A. § 3706.  Unfortunately, there are very few court decisions

analyzing these statutes at all, and most of them concern whether the

"intent to defraud" exception to the exemption is present.

A Washington statute is nearly identical to that pertinent here.

MEMORANDUM OF DECISION – 10

Wash. Rev. Code Ann. § 48.18.410.[6]  As to this law, a Washington court has

observed:

> Washington's statute is very liberal in protecting all classes of
> beneficiaries, all proceeds (including cash values), and in
> exempting the proceeds from both the insured's and the
> beneficiary's creditors.  Life insurance proceeds exemption
> statutes in general, and Washington's in particular, have been
> afforded a very liberal construction so as to achieve their
> purposes.

*Feminist Women's Health Ctr. v. Codispoti*, 821 P.2d 1198, 1201 (Wash. 1991).

In addition, the statute has been interpreted in the bankruptcy context to

mean that the "proceeds and avails" of a life insurance policy "shall be

exempt from all liability for any debt," and that "proceeds and avails"

includes the policy's cash surrender value.  *In re Mehrer*, 2 B.R. 309, 312

(Bankr. E.D. Wash. 1980) (citing *In re Elliott*, 446 P.2d 347 (Wash. 1968)).

---

[6]  It provides: "[t]he lawful beneficiary, assignee, or payee of a life
insurance policy, other than an annuity, heretofore or hereafter effected by any
person on his or her own life, or on the life of another, in favor of a person other
than himself or herself, shall be entitled to the proceeds and avails of the policy
against the creditors and representatives of the insured and of the person
effecting the insurance, and such proceeds and avails shall also be exempt from
all liability for any debt of such beneficiary, existing at the time the proceeds or
avails are made available for his or her own use."

MEMORANDUM OF DECISION – 11

Finally, a respected insurance law treatise has commented on statutes exempting insurance proceeds from the claims of creditors by noting that they:

> are not declarative of any common-law principle, but are enabling acts creating a new right and conferring a special privilege, and although there must be compliance with the statute to secure the exemption intended, a liberal construction will nevertheless be given to secure the relief intended where a proper case arises for which the statute makes provision.

Steven Plitt *et al.*, COUCH ON INSURANCE § 66:13 (3d ed. 2012).

While Idaho's statute is a challenge to even read, reduced to its essence, the Court concludes that it adequately expresses an intent by the Legislature to protect the proceeds of a life insurance policy from the reach of the beneficiary's creditors.[7]  When coupled with the mandate that Idaho exemption statutes are to be construed in favor of the debtor, the Court concludes that Idaho Code § 41-1833(1) should be read to exempt life

---

[7]  It deserves mention that the two provisions in the Idaho Code that follow the statute invoked by Debtors here, §§ 41-1834 and 1835, each contain a much clearer provision exempting the proceeds of disability insurance and group insurance, respectively, from the claims of creditors of the beneficiary. The Court can not discern any reason why the Idaho Legislature would not afford a similar protection to life insurance proceeds.

MEMORANDUM OF DECISION – 12

insurance proceeds from the creditors of the beneficiary, subject to the

myriad conditions and exceptions contained in the statute.  As Trustee has

not argued that any of those conditions or exceptions are implicated in this

case, the insurance proceeds Michael received as the beneficiary under his

mother's policy are exempt.

### Conclusion

Debtors' claim of exemption in life insurance proceeds under Idaho

Code § 41-1833(1) is proper, and Trustee's objection to the exemption claim

will be denied.  A separate order will be entered.

Dated:  April 2, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 13